UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at COVINGTON

Civil Action No. 13-168-HRW

DAVID COLLETT,                                                                PLAINTIFF,

v.                  **MEMORANDUM OPINION AND ORDER**

CAROLYN COLVIN,
COMMISSIONER OF SOCIAL SECURITY,               DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for supplemental security income benefits on December 27, 2010, alleging disability beginning on November 2, 2005, due to "post traumatic stress disorder and bipolar" (Tr. 217). This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Anne Shaughnessy (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, William J. Kiger, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-

step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled (Tr. 17-27). Plaintiff was 47 years old at the time of the hearing decision. He has a GED. His past relevant work experience consists of work as a dishwasher, grass cutter and short order cook.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the date of his application for benefits (Tr. 19).

At Step 2, the ALJ found Plaintiff had severe impairments of opiate dependence, depression, and anxiety (Tr. 19). At Step 3, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or equaled a listed impairment (Tr. 20). The ALJ then found Plaintiff had the residual functional capacity (RFC) to perform a full range of work at all exertional levels but with the following nonexertional limitations: he could understand,

2

remember, and carry out simple tasks with only occasional interaction with coworkers and very little contact with the public (Tr. 21-22). At Step 4, the ALJ found Plaintiff could not perform his past relevant work (Tr. 26). Proceeding to the fifth and final step, the ALJ found Plaintiff could perform the jobs identified by the vocational expert (VE) and was not disabled (Tr. 26-27, 55).

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner. Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 12 and 13] and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th

3

Cir.1997).

## B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ erred in evaluating the opinion from treating sources and (2) the hypothetical posed to the VE was flawed.

## C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ erred in evaluating the opinion from treating sources. Specifically, he contends that the ALJ did not provide sufficient reasons for discounting the opinions of treating physicians, Sheryl Hakala, M.D. and Peter Ganshirt, Psy.D.

When evaluating a doctor's opinion, an ALJ considers numerous factors, including whether the doctor examined the claimant, whether the doctor treated the claimant, the evidence the doctor presents to support his or her opinion, whether the doctor's opinion is consistent with the record as a whole, and the doctor's specialty. 20 C.F.R. § 416.927( c). In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). The Court is mindful of the fact that the Commissioner is not bound by a treating physician's opinion. Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

Plaintiff's main argument appears to be that the ALJ did not properly considered the global assessment of function, or "GAF", scores of 50 and 45 suggested by Dr. Hakala, Dr. Ganshirt and Dr. Charles Mathews, a non-treating source. This score is indicative of significant

4

impairment in mental capacity. However, a GAF score is not dispositive of disability. In fact, there is no requirement that the ALJ give any weight to a GAF score. *See Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002). Moreover, in the absence of evidence that these sources had other objective findings which would support the conclusion that Plaintiff is unable to work, a GAF score, standing alone, does not establish impairments severe enough to render him disabled. *See Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 511 (6th Cir. 2006).

Dr. Hakala's records, taken as a whole, do not support an opinion that Plaintiff had "serious" work-related limitations, particularly for any consecutive twelve-month period. Her mental status findings were unremarkable (Tr. 682-88).On May 4, 2012, Dr. Hakala completed a psychiatric summary and possibly saw Plaintiff (Tr. 679-81). She indicated Plaintiff reported numerous symptoms, but to the extent her notes were a summary of his prior reported symptoms, her prior notes contradict her May 2012 summary (Tr. 679-80, 682-88). Similarly, to the extent Dr. Hakala purported to be summarizing prior mental status findings in May 2012, her actual prior notes contradict her May 2012 notations (Tr. 680, 682-88). Dr. Hakala further noted Plaintiff's recent and remote memory, concentration, cognition, insight, and judgment appeared intact (Tr. 682-88). Moreover, Plaintiff reported to Dr. Hakala that he was "doing well," which further undermines any opinion that he had disabling or additional limitations (Tr. 682, 683, 686, 687, 688).

Dr. Ganshirt's records also do not support his GAF score of 50 to the extent the GAF scores purported to be an assessment of Plaintiff's ability to work (Tr. 693-701). There is no sufficient explanation or objective medical findings to accompany it. Dr. Ganshirt's records do not indicate Plaintiff had "serious" work-related limitations, particularly for any consecutive

5

twelve-month period (Tr. 693-701). He diagnosed Plaintiff with opiate dependence and noted Plaintiff was "craving" opiates, which indicates Plaintiff's opiate addiction played at least some part in his presentation and Dr. Ganshirt's assessment of a GAF score of 50 (Tr. 693, 695-97, 701). However, a claimant's substance abuse cannot provide a basis for an award of disability benefits. 42 U.S.C. § 1382c(a)(3)(J).

The GAF scores of 50 to 45 noted by Dr. Hakala, and Dr. Ganshirt are inconsistent with the other evidence, as discussed by the ALJ (Tr. 19-26). Plaintiff's only other relevant treatment was for his opiate dependence in September 2010 and subsequent methadone treatment, which he stopped in 2012 (Tr. 636-59). The records related to his addiction treatment do not indicate he had significant work-related limitations absent his drug abuse, and an examiner even indicated a psychiatric consultation was not warranted (Tr. 642).

The record as a whole supports the ALJ's evaluation of the medical evidence. The Court finds no error in this regard.

As for the hypothetical question posed to the VE, the Court finds that it accurately portrayed the claimant's abilities and limitations, as required by *Varley v. Secretary of Health and Human Services*, 820 F.2d 777 (6th Cir. 1987) and its progeny. This rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993).

Based upon the credible medical evidence in the record and evaluation of claimant's daily activities, the ALJ crafted a hypothetical which accurately contemplated the same (Tr. 554-55). In response to the ALJ's hypothetical, the VE cited to a significant number of jobs the

hypothetical individual could perform, such as machine operator, hand packager and tender (Tr. 55). The VE's responsive testimony provided substantial evidence to support the ALJ's decision that claimant was not disabled.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 24th day of March, 2015.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge

_____
Henry R. Wilhoit, Jr., Senior Judge

7